**Scott Mathews WHALEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00531–CR.**

Court of Appeals of Texas, Dallas.

May 14, 1982.

Rehearing Denied July 22, 1982.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

VANCE, Justice.

Appeal is from a conviction for the unlawful possession of cocaine; upon a plea of not guilty before the court, the punishment assessed at four years, probated for four years. In his sole ground of error, appellant complains that the trial court erred in denying his motion to suppress, and in allowing the introduction of evidence seized, from the person of appellant, pursuant to an illegal warrantless search not based on *probable cause* in violation of the Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution. We agree that the officers lacked probable cause to conduct the warrantless arrest and subsequent search. Accordingly, we reverse.

Prior to trial, a hearing was held on appellant's motion to suppress evidence, at which the following information was adduced. At approximately 11:00 p. m. on August 29, 1980, a confidential informant telephoned Terry Martin, a Dallas Police Officer, and advised him that a white male, approximately six feet tall, weighing one hundred eighty to one hundred ninety

pounds was at the Whispering Glen Apartments at 6003 Abrams, apartment number 1035. The informant stated that this person was in possession of cocaine and was selling cocaine. The informant also stated that he believed this person did not live in the apartment and would be leaving soon. Officer Martin testified that the informant described the person's dress as a white shirt with colored trim, blue jeans and would be carrying a gold and blue vinyl equipment bag. Officer Martin testified that he had received information in the past from the informant regarding "drug trafficking in Dallas County" and that he believed the informant was credible and reliable.

As a result of receiving this information Officer Martin caused Sergeant Schorr and Officer Griffis both Dallas Police Officers, to go to the location at 6003 Abrams and place the location under surveillance while he prepared a search warrant for apartment number 1035. Sergeant Schorr and Officer Griffis had been at 6003 Abrams only a short time when the appellant and another male were observed walking in the apartment complex area. The appellant matched the description the officers had received and was arrested as he attempted to enter an automobile in the apartment parking lot. Appellant upon arriving at the Dallas Police Department was searched and a quantity of cocaine was found in his left sock.

The standard for probable cause in a warrantless search is no less stringent than that required to be shown a magistrate for the issuance of a search warrant. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Moulden v. State,* 576 S.W.2d 817, 820 (Tex.Cr.App.1978). In *Aguilar v. Texas,* 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723 (1964), the Supreme Court ruled that for the issuance of a valid search warrant, the affidavit requesting the warrant must inform the magistrate of some of the underlying circumstances from which the informant concluded that the narcotics were where the

informant claimed they were [1]; and some of the underlying circumstances from which the affiant concluded that the information was credible or reliable.[2]

Examination of the information furnished Officer Martin by the informant reveals that the "basis of knowledge" prong of *Aguilar* has not been satisfied. The informant *did not* advise Officer Martin that he had personally observed anyone in possession of drugs, nor did he say how he came by the information he related to Officer Martin. Since this information is wholly devoid of any statement as to the underlying circumstances justifying the informant's conclusion that the appellant was in possession of contraband; it fails the "basis of knowledge" prong of *Aguilar,* supra; *Carmichael v. State,* 607 S.W.2d 536 (Tex. Cr.App.1980); *Cole v. State,* 484 S.W.2d 779 (Tex.Cr.App.1972). Therefore, probable cause did not exist to justify a warrantless arrest and subsequent search and the motion to suppress should have been granted. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Reversed and remanded.

---

1. This test is commonly referred to as the "basis of knowledge" prong of *Aguilar.*

2. This test is commonly referred to as the "veracity" prong of *Aguilar.*