### Alfred Lee JONES aka Alfred L. Walker, Appellant,

v.

### The STATE of Texas, Appellee.

### No. 62436.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 3, 1982.

Thomas M. Roberson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and William Paul Mewis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession with intent to deliver phenmetrazine. Appellant was convicted in a trial before the court and punishment was assessed at five years.

In his first ground of error, appellant maintains the court erred in overruling his motion to suppress the contraband which formed the basis of the instant prosecution. He urges that officers were without authority to conduct a warrantless search of his briefcase following his arrest. The briefcase contained 2,997 preludin tablets.

Officer L.K. Clark, of the Houston Police Department, was employed in the narcotics division on February 6, 1978. At approximately 4:00 p.m. she received information from a confidential informant who had been correct on two prior occasions. Specifically, Clark testified:

"A.  My informant told me on the 6th that there would be a Negro male approximately 6 feet tall, slim built, with a short beard. He would be wearing tan slacks, a maroon jacket, and he would be carrying a black

briefcase which opened at the top and he would also be carrying a red clothing bag, and that this person would be going by the name of Jackson. The informant further told me he would be arriving at the Houston Intercontinental Airport on the 6th on Flight 950, Continental Flight, due to arrive at 5:03 which didn't get there until 5:10, but in this black briefcase he would be carrying a quantity, a large quantity of drugs."

After receiving this information, Clark, Officer D.T. Green, and two other officers proceeded to the airport where they set up a surveillance of Flight 950. Clark did not attempt to obtain a search warrant because she did not believe she could prepare a warrant, have it signed by a magistrate, and drive to the airport in time to catch the 5:03 flight.

Appellant disembarked from Flight 950 wearing tan slacks and a maroon jacket. He was carrying a red clothing bag and a black briefcase which opened at the top. He appeared to be about 6 feet tall and had a short beard. Clark and Green approached appellant and asked his name. He replied that it was Jackson. Appellant was arrested.

Green performed a pat-down search for weapons. Because a crowd was gathering, appellant was taken to the airport security office before a full search was made of his clothing and the briefcase. Inside the briefcase, Clark found "31 brown paper sandwich-type bags which had pink tablets in 30 of them." At some point after the arrest, Green found five tablets inside appellant's coat pocket.

Floyd McDonald testified that he is a chemist with the crime laboratory for the Houston Police Department. McDonald performed certain tests upon the substances which were recovered from the briefcase and appellant's pocket. Those tests revealed that the tablets contained phenmetrazine.

■ Appellant contends that there was insufficient probable cause to arrest and search and that there was no valid excuse for not obtaining a warrant.

Probable cause unquestionably existed in the instant case. Clark's informant had provided true and correct information on two previous occasions. This satisfied the second prong of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. The first prong of *Aguilar* was satisfied by the highly detailed nature of the informant's allegations. Such detail has been held sufficient to show that an informant's information is correct and not based on unwarranted conclusions or misobservations. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Even if the informant's details were alone not enough to satisfy the first prong of *Aguilar,* the corroboration of the details by the officers established probable cause. No less than eight of the specific facts provided by Clark's informant were verified at the airport by Clark and Green. This verification, along with the proven track record of the informant and the detailed nature of his allegations, showed probable cause. *Nastu v. State,* Tex.Cr.App., 589 S.W.2d 434; *Hicks v. State,* Tex.Cr.App., 545 S.W.2d 805.

■ Clark first talked to her informant over the phone at approximately 4:00 p.m. She was talking to him personally as late as 4:15. Testimony at trial indicated that the officers arrived at the airport only five or ten minutes before appellant's flight touched down. Clark was in downtown Houston when she received the tip. Clark was correct in her assumption that she could not prepare a warrant, have a magistrate sign it, and arrive at Houston Intercontinental from downtown Houston by 5:03. Thus there were exigent circumstances justifying Clark's failure to obtain a warrant. *Hicks v. State,* supra. Further, the arrest was proper under Art. 14.04, V.A.C. C.P. *Tarpley v. State,* Tex.Cr.App., 565 S.W.2d 525; *Carmouche v. State,* Tex.Cr. App., 540 S.W.2d 701.

There being probable cause for the arrest of appellant, and exigent circumstances excusing the lack of a warrant, the search of appellant's briefcase was valid. Appellant was holding the briefcase in his hand when arrested. A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or of objects immediately associated with the person of the arrestee. *Snyder v. State,* Tex.Cr.App., 629 S.W.2d 930; *Stewart v. State,* Tex.Cr.App., 611 S.W.2d 434. The briefcase was immediately associated with appellant's person.

In his second ground of error, appellant challenges the sufficiency of the evidence to support the conviction. The facts heretofore set out reflect that the evidence was sufficient to support the conviction.

The judgment is affirmed.

CLINTON, Judge, dissenting.

In overruling appellant's first ground of error the majority opines that "the arrest was proper under Art. 14.04, V.A.C.C.P." Given the facts of the matter, the authorities then cited are inapposite. A citizen who has done no more than deplane and walk into a public terminal of an airport at five o'clock of an afternoon shows no sign he is "about to escape," as Article 14.04 requires.

Moreover, even if the long standing objective test has fallen, there is no showing here "that the officer was acting upon satisfactory proof from representations of a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant,'" *Fry and Martinez v. State,* 639 S.W.2d 463 (Tex.Cr.App.1982).

I respectfully dissent.