**Neil Adam SCHWARTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 669–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1985.

Wendell A. Odom, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Patricia Saum, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

Neil Adam Schwartz, appellant, was convicted in the trial court after he pled guilty to an indictment which charged him with committing the felony offense of possession of a controlled substance, namely, heroin. Pursuant to a plea bargain agreement, punishment was assessed by the trial judge at seven (7) years' confinement in the Department of Corrections, probated, and a $3,000 fine. On appeal, the Houston [Fourteenth] Court of Appeals reversed, see *Schwartz v. State* (Tex.App.—Houston [14th] 1983), holding that because appellant's arrest was based upon an informer's tip that failed to meet the two-pronged test that was announced in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723

(1964), and explicated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the trial court erred in overruling appellant's pretrial motion to suppress the evidence the law enforcement officials seized.

However, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which had not been decided when the court of appeals handed down its opinion in this cause, the Supreme Court of the United States held, for Fourth Amendment purposes, that the "Aguilar two-pronged test" was to be replaced with a "totality of the circumstances" test.

Because *Illinois v. Gates*, supra, had not been decided when the court of appeals handed down its opinion in this cause, we will remand this cause to the court of appeals in order that it can reconsider the issue in light of *Illinois v. Gates*, supra.

IT IS SO ORDERED.