Scott Mathews WHALEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 740–82.

Court of Criminal Appeals of Texas,
En Banc.

March 27, 1985.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Deborah E. Farris and Royce West, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of possession of cocaine. Punishment was assessed at four years, probated. The Dallas Court of Appeals, addressing the sole ground of error raised, reversed appellant's conviction on the basis that the warrantless arrest and search were invalid in that the officers lacked probable cause. *Whaley v. State*, 638 S.W.2d 526 (Tex.App.—Dallas 1982). Specifically, the Court of Appeals held that the "basis of knowledge" prong of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), had not been satisfied in that the unnamed informant did not advise the Dallas police officers that he had personally observed anyone in possession of the drugs, nor did he say how he came by the information he related to the officer. Initially, we refused to grant the State's petition for discretionary review. However, we now grant the State's motion for rehearing.

The Court of Appeals applied the "two-pronged" test of probable cause evolved from the cases of *Aguilar v. Texas*, supra, and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court backed away from the strict application of the "two-pronged" test of *Aguilar* and *Spinelli* and instead urged a "totality of the circumstances" analysis:

"... [T]hey [the informant's 'veracity' and 'basis of knowledge'] are better understood as relevant considerations in the totality of circumstances that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." 103 S.Ct. at 2329.

The Supreme Court went on to write that an important part of the "totality of the

circumstances" analysis was the examination of the corroboration of details of an informant's tip by independent police work. This was the key to the Supreme Court's decision in *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), where an informant's detailed description of a suspect was corroborated by police surveillance. The Supreme Court found that because police surveillance verified every facet of information given by the informant except whether Draper was carrying the reported three ounces of heroin, the narcotics agents had reasonable grounds to believe that the one remaining bit of unverified information was also true.

We also adopt the "totality of the circumstances" analysis and now apply it to the instant case. The record shows that at approximately 11:00 p.m. on August 29, 1980, a confidential informant telephoned Officer Terry Martin of the Dallas police department and advised him that a white male, approximately six feet tall, weighing one hundred eighty to one hundred ninety pounds was at apartment number 1035 of the Whispering Glen Apartments located at 6003 Abrams. The informant stated that this person was in possession of cocaine and was selling it. The informant also stated that he believed the person did not live in the apartment and would be leaving soon. The informant described the person's dress as a white shirt with colored trim and blue jeans. He also stated that the person would be carrying a gold and blue vinyl athletic bag. Officer Martin testified at the hearing on the appellant's motion to suppress that this informant had given him information in the past relating to drug trafficking and had proven to be credible and reliable. While Martin proceeded to secure a search warrant, two other Dallas officers, Officers Griffis and Schorr, set up surveillance of the apartment complex. Officer Griffis saw an individual, later identified as appellant, who matched the description given by the informant. The appellant was walking through the apartment complex with another male. The second individual started to walk into apartment 1035, but when appellant saw

Griffis watching them, appellant walked past the apartment. Officer Griffis followed the pair into the parking lot where he and Officer Schorr arrested appellant and his companion as they were getting into a car. As the Court of Appeals noted, appellant was later searched at the Dallas police department and a quantity of cocaine was found in his left sock.

Using the "totality of the circumstances" analysis, we find that probable cause existed. Just as in *Draper*, supra, the informant was one who had given reliable and credible information in the past. In addition, all of the details of the information given to the officers by the informant were corroborated by the officers except the question of whether appellant was carrying cocaine. Because of the verification of this information, the arresting officers had reasonable grounds to believe that the remaining item of unverified information was also true. *Draper*, supra; *Jones v. State*, 640 S.W.2d 918 (Tex.Cr.App.1982).

"Probable cause deals 'with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act;' *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879." *Illinois v. Gates*, 103 S.Ct. at 2333.

Because we feel the officers had probable cause, we find the warrantless arrest of appellant was proper and the trial court correctly overruled appellant's motion to suppress.

The State's motion for rehearing on the State's petition for discretionary review is granted; the judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

The majority assumes, without holding, that the measure of probable cause applicable to warrantless arrests and searches under *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) has been superseded by the "totality of the circum-

stances" analysis announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As I stated in dissent to the Court's *explicit* holding that the *Gates* analysis will control in a warrantless arrest situation, such a momentous decision should first be made by the Supreme Court of the United States. See *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Cr.App.1984) (Clinton, J., dissenting).[1]

But even assuming that the majority has resolved this issue correctly in terms of Fourth Amendment analysis, the Court errs in disposing of the case as it does.

Both in his memorandum to the trial court in support of his motion to suppress evidence and in his brief to the court of appeals appellant invoked the Fourth Amendment to the United States Constitution *and* Article I, Section 9 of the Texas Constitution. It is not clear from the opinion of the court of appeals whether that court's disposition was founded on Federal or State law grounds; at the time the case was decided the "two-prong" test of *Aguilar* clearly controlled the standard for measuring probable cause under both the State and Federal Constitutions.

In invoking *Illinois v. Gates*, supra, the majority has expressly reversed the court of appeals' decision insofar as it decided the Fourth Amendment question. As we did in *Eisenhauer*, supra, we should remand the instant case to the court of appeals to decide whether as a matter of

State law the two prong standard of *Aguilar* should be retained or abandoned.[2] See also *Schwartz v. State*, 685 S.W.2d 333 (Tex.Cr.App.1985).

Because the Court fails to so remand the case, I respectfully dissent.

TEAGUE, J., joins.

---

1. All briefs in this cause, including the State's motion for rehearing presently before us, were filed before the Supreme Court's decision in *Gates* was announced. Hence, the issue as briefed to this Court was whether, under *Draper*, supra, and *Jones v. State*, 640 S.W.2d 918 (Tex.Cr.App.1982), the information supplied by the informant, to the extent that it was corroborated by the observation of Officers Griffis and Schorr, was sufficient to supply the "basis of knowledge" prong of the *Aguilar* measure of probable cause. Unlike the informant in *Eisenhauer*, supra, the informant in this case, though his identity was not disclosed, was shown to have had at least a minimal history of supplying information regarding drug trafficking in Dallas County, which information had proven reliable. Such fact makes this case more appropriate than *Eisenhauer* would have been for determining probable cause *vel non* under a *Draper* anal-

ysis, since the only question remaining is whether the "basis of knowledge" prong has been met. It is because of this Court's failure to so analyze the instant case that I now dissent.

2. In this context I would once again wish to dissociate myself from the position taken in Judge McCormick's plurality opinion in *Brown v. State*, 657 S.W.2d 797 (Tex.Cr.App.1983), that since the socalled "pronouncements" of *Crowell v. State*, 147 Tex.Cr.R. 299, 180 S.W.2d 343 (1944) we have opted to interpret Article I, Section 9 of our Constitution "in harmony with" the United States Supreme Court interpretations of the Fourth Amendment. *Crowell* cannot be read to support this position, see *Brown v. State*, supra (Clinton, J., concurring), and I want no part of the judicial abdication inherent therein.