Ray HIGHTOWER, Jr., Appellant,

v.

STATE of Texas, Appellee.

Nos. 11–86–193–CR, 11–86–194–CR.

Court of Appeals of Texas,
Eastland.

Sept. 10, 1987.

Lynn Ingalsbe, Abilene, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

## OPINION

DICKENSON, Justice.

These cases were tried together, and the punishments run concurrently. The jury found that Ray Hightower, Jr., was guilty of the offenses of aggravated kidnapping[1] and indecency with a child,[2] found that the two enhancement allegations were true,[3] and assessed his punishment at confinement for life for each offense. Ray Hightower, Jr., appeals. We affirm both convictions.

Appellant briefs five points of error.[4] He argues that: (1) the trial court erred in admitting certain items of evidence which were seized under an allegedly invalid search warrant; (2) his Sixth Amendment right to confront the witness [under the Federal Constitution] was violated by the trial court's admission of the child victim's testimony pursuant to Section 3 of TEX. CODE CRIM.PRO.ANN. art. 38.071 (Vernon Supp.1987); (3) his right to effective assistance of counsel and his right to confront the witness [under TEX. CONSTITUTION art. I, sec. 10] were denied by the trial court's refusal to allow him to be personally present with his attorney during cross-examination of the child; (4) the child's testimony was improperly admitted over objection because the "mandatory predicate provisions" of Section 3, Article 38.071, supra, were not followed; and (5) reversible error was committed in admitting testimony of the child's outcry to her mother under TEX.CODE CRIM.PRO. ANN. art. 38.072 (Vernon Supp.1987). All points of error have been considered, and each is overruled.

There is no challenge to the sufficiency of the evidence. Viewed under the tests stated in *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984), the record shows that appellant abducted a six-year-old girl who was playing in the backyard of her family's home in Abilene on February 1, 1986. He drove off in an older model Ford pickup which had a noisy muffler; and, after eluding his pursuers, he took her to a secluded area south of Abilene. After taking off all of the little girl's clothes and his blue jeans, he placed his mouth on her vagina and forced her to place her mouth on his penis. Later, he let her out of his pickup near a rural home. The little girl made a positive identification, and hairs like those from her head were found in his pickup.

■ First, we hold that the search warrant was valid. The district judge who

---

1. Cause No. 353–D in the 350th District Court; our Cause No. 11–86–193–CR; the felony offense of aggravated kidnapping under TEX.PENAL CODE ANN. sec. 20.04 (Vernon 1974).

2. Cause No. 354–D in the 350th District Court; our Cause No. 11–86–194–CR; the felony offense of indecency with a child under TEX.PENAL CODE ANN. sec. 21.11 (Vernon Supp. 1987).

3. TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1987) provides that, if two prior felony convictions are properly shown, the punishment for any felony shall be confinement for life or for any term of not less than 25 nor more than 99 years.

4. The five points of error in 11–86–193–CR are identical to the five points of error in 11–86–194–CR.

authorized the search and arrest warrant had a substantial basis for concluding that probable cause existed. See *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Whaley v. State,* 686 S.W.2d 950 at 951 (Tex.Cr.App.1985); *Eisenhauer v. State,* 678 S.W.2d 947 at 952 (Tex.Cr.App.1984). The affidavit set out the details of the abduction and the sexual molestation of the child, related the child's identification of the suspect from a photo line-up, and listed twelve specific items of potential evidence. Five of those items [gray feathers on a thong, man's blue tee-shirt, man's faded blue jeans with holes in them, toolbox, and man's tennis shoes] were seen and described by the child. It was reasonable to look for a wig or toupee, light brown or blonde in color, in view of the difference in the appearance of his hair at the time of the abduction because the child was so positive in her identification of the suspect's face. The suspect's pickup matched the description given by the eyewitnesses to the abduction, and it was reasonable to look for the victim's hair samples and semen stains in view of the child's report of the sexual molestation. The other items [photographs of children, pedophilic literature, and pornographic materials] were reasonably included in the warrant because the officer testified that oftentimes child molesters had such materials in their homes. The first points of error are overruled in both appeals.

Next, appellant argues that his "Sixth Amendment" right under the Federal Constitution ["to be confronted with the witnesses against him"] was violated by the trial court's admission of the child victim's testimony under Section 3 of Article 38.071, supra. The Court of Criminal Appeals recently held that Section 2 of Article 38.071, supra, [dealing with a pre-trial videotape recording of a child victim] is unconstitu-

tional insofar as it authorizes the admission of a videotape recording made outside the presence of the defendant and his attorney. See *Long v. State* (No. 867–85, Tex.Cr.App., July 1, 1987) (not yet published).[5] Footnote 16 of the majority opinion in *Long* makes it clear that the Court of Criminal Appeals was not expressing any opinion as to:

> Whether [the] opportunity for cross-examination requires [the] physical presence of both the child victim and the accused *or just the attorney representing the accused.* (Emphasis added)

That is the principal issue in this appeal.

On the date of the offense Section 3 of that statute provided:

> Sec. 3. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom and be televised by close circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding. Only the attorneys for the defendant and for the state, persons necessary to operate the equipment, and any person whose presence would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony. Only the attorneys may question the child. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony, but does not permit the child to see or hear them. The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

We hold that this statute is not unconstitutional, and we also hold that the procedure used by the trial court in this case is not unconstitutional.

---

5. The Texas Legislature has amended this statute in an attempt to clarify the right of an accused and his attorney to confer and to make sure the statute authorizes constitutionally permissible manners of using videotape testimony by child victims in order to spare them the trauma of having to testify in person in open court. See Act of June 19, 1987, ch. 998, sec. 1, 1987 TEX.SESS.LAW SERV. 6786 (Vernon) and Act of August 4, 1987, ch. 55, sec. 1, Second Called Session, 1987 TEX.SESS.LAW SERV. 365 (Vernon).

The record shows that the child, the attorneys for the State, appellant's attorney, the official court reporter, and the district judge went into the jury room with the operator of the video equipment. The child's live testimony was televised by closed circuit on two monitors in the courtroom. One monitor was used by the jury, and the other was used by appellant. The district judge gave instructions to the appellant and the bailiff that appellant would be permitted to interrupt the questioning at any time he wanted to confer with his attorney. Appellant's attorney was also given the assurance that the questioning could be interrupted by him anytime he wished to confer with his client. We hold that this procedure was sufficient to satisfy the Sixth Amendment's requirement that appellant "be confronted with the witnesses against him." Appellant was given ample opportunity to confer with counsel and through counsel to cross-examine the witness who testified against him. We reject the reasoning in *United States v. Benfield*, 593 F.2d 815 (8th Cir.1979), which appellant cites and relies upon, where a similar procedure was held to violate the Sixth Amendment. It should be noted that the Eighth Circuit acknowledged in *Benfield* that a person's right to confront his witnesses in person is not an absolute right and that confrontation through two-way closed circuit television might be adequate. 593 F.2d at 822, note 11. More importantly, the victim in *Benfield* was an adult while the victim in the case before us is a six-year-old girl who was so traumatized by the abduction and molestation that it is terribly difficult for her to relate the details of the offense in front of strangers, and she should not be required to give her testimony while looking face-to-face at the adult male who abducted and abused her. Public policy considerations should not require this of her, especially when personal confrontation is not an absolute right under the federal constitution. The United States Supreme Court has stated that "an adequate opportunity for cross-examination may satisfy the clause even in the absence of physical confrontation" [*Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965)], and recognized that there are times when the accused's right to confrontation must "give way to considerations of public policy and the necessities of the case." [*United States v. Mattox*, 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895)]. See also the lengthy discussions of the confrontation clause of the Sixth Amendment in the majority and concurring opinions in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The second points of error are overruled in both appeals.

■ Appellant also argues that his rights to effective assistance of counsel, confrontation, and cross-examination were denied when the trial court refused to allow him to be "personally present" during cross-examination of the child. We disagree. Appellant directs our attention to the last sentence of Section 3 which states:

> The court shall permit the defendant to observe and hear the testimony of the child *in person*, but shall ensure that the child cannot hear or see the defendant. (Emphasis added)

Appellant was "personally present" in open court with the jury while the child testified from the jury room on closed circuit television which was shown contemporaneously with the testimony. This would be comparable to having the child and the accused separated by a one-way mirror which would permit the accused to see the child witness without forcing the child to view her tormentor. We hold that the procedure followed by the trial court complies with the statutory requirement cited. The request for two-way radio or telephone communication between appellant and his attorney was properly denied in view of the trial court's assurances that the testimony would be interrupted promptly if appellant asked the bailiff to knock on the door to the room where the child was being questioned and agreed to interrupt the proceedings whenever the lawyer wanted to confer

with appellant. Appellant also argues that the procedure violated his right to confront the witness under Article I, section 10 of the Texas Constitution. We reject this contention for the same reasons given in our discussion of his contention under the Sixth Amendment to the Federal Constitution. The third points of error are overruled in both appeals.

Next, appellant urges statutory objections to the procedure used by the trial court, arguing that the *"mandatory* predicate provisions of this statute were not complied with."  Appellant argues in his brief that the trial court erred in admitting the child's televised testimony over objection because: (1) "the presiding judge and the court reporter were both in the video room with the child at the time her testimony was taken"; and (2) "the video camera operator was not sequestered in a room adjacent to the video room nor hidden from view of the child by a screen or mirror as required by the statute." We hold that these statutory provisions are not mandatory. Moreover, there is no showing of any harm to appellant due to the fact that the child could see the judge, the court reporter, and the video camera operator. Further, the statute permits persons in the room "whose presence would contribute to the welfare and well-being of the child." The trial court must have felt that his presence and that of the court reporter and video camera operator would contribute to the child's welfare and well-being. There is no evidence to the contrary. The fourth points of error are overruled in both cases.

Finally, appellant argues that reversible error was committed in the admission of the child's mother's hearsay testimony under TEX.CODE CRIM.PRO.ANN. art. 38.072 (Vernon Supp.1987). This objection is overruled for two reasons. First, the objection on appeal is not the same as that urged at trial. Consequently, no error has been preserved for appellate review. *Fierro v. State,* 706 S.W.2d 310 (Tex.Cr. App.1986); *Hodge v. State,* 631 S.W.2d 754 at 757 (Tex.Cr.App.1982). Second, Article 38.072 specifically states that a child's outcry "is not inadmissible because of the hearsay rule" if the testimony about the child's statement comes from the first adult to whom the child made a statement about the offense. While the trial court failed to conduct a hearing outside the presence of the jury, there was no objection in the trial court on this basis. Consequently, any error is waived. The other statutory requirements were satisfied. The fifth points of error are overruled in both appeals.

Both judgments of conviction are affirmed.