# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00134-CR

**Lonnie Ross Skiff, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-02-0416-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After his motion to suppress was overruled, Lonnie Ross Skiff pleaded guilty to the offense of possession of less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2003). The Court assessed punishment at two years' confinement in state jail. In his sole issue on appeal, Skiff urges that the trial court erred in overruling the motion to suppress. We hold there was probable cause to arrest Skiff and affirm the conviction.

On March 11, 2002, members of the Rio Concho Drug Enforcement Taskforce executed a search warrant at the residence of Tammy Lohse and discovered methamphetamine. San Angelo police officer James McGuire and another officer explained to Lohse that she would be charged with possession of methamphetamine but that she had the opportunity to "help herself out" with the charge. The officers told Lohse that, if she assisted them in arresting another person

involved in narcotics activity, they would let the district attorney know she had been helpful and that Lohse would likely receive a lesser sentence or even a dismissal of the charges.

Lohse agreed and told the officers that she would call Lonnie Skiff. Lohse claimed that Skiff was her supplier of methamphetamine, gave the officers his address, and described his car. Officer McGuire testified at the suppression hearing that the same car "had come up in another investigation . . . that Lonnie Skiff was linked to as well." Nothing in the record reflects that Lohse ever provided a description of Skiff himself.

Lohse picked up the phone and spoke to a person she told the officers was Skiff. Officer McGuire testified at the hearing that the officers attempted to tape record the phone call, but their tape recorder did not work and they were only able to hear Lohse's side of the conversation. Lohse told the officers that Skiff informed her that he would be over to her house in thirty minutes with an eighth of an ounce of methamphetamine. After Skiff did not arrive when expected, Lohse made another call and informed the officers that Skiff told her he was delayed and would be there "in a little bit." This call was also not recorded, and again the officers only heard Lohse's side of the conversation.

After approximately two hours, Skiff arrived at the house in a car matching the description given by Lohse. Lohse identified the vehicle as Skiff's car. Skiff then walked up to the house and knocked on the front door. Officer McGuire testified that he opened the front door, stepped out, and grabbed Skiff's shirt. He then identified himself as a police officer. McGuire described that, as he came out of the house, Skiff began going backwards and a Marlboro cigarette box flew from Skiff's right hand over his shoulder. Skiff continued to walk backwards, and the

2

officers took him to the ground. The officers searched Skiff, but found no controlled substances on his person. Officer McGuire testified, however, that a plastic bag with a powdery substance was found in the cigarette box. This substance was later tested and found to be methamphetamine.

Skiff testified at the suppression hearing that he had not been called by Lohse and that he had merely stopped by the house to visit her brother. Skiff recounted that he did not immediately realize that Officer McGuire was a police officer when he was confronted at the door and that the cigarette box accidentally flew out of his hands when he put them up to defend himself.

## DISCUSSION

Skiff's only issue on appeal is that the trial court erroneously denied his motion to suppress the methamphetamine found in his cigarette box. He contends that the officers from the Rio Concho Drug Enforcement Taskforce lacked probable cause to arrest him when he arrived at the Lohse residence and that the methamphetamine found pursuant to the subsequent search of his cigarette box should be suppressed as tainted by the illegal arrest.

When reviewing a trial court's ruling on a motion to suppress, we review *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford almost total deference to a trial court's determination of the historical facts that the record supports and those fact findings that are based on an evaluation of credibility and demeanor. *Id*.; *see also Leach v. State*, 35 S.W.3d 232, 234-35 (Tex. App.—Austin 2000, no pet.).

A police officer may arrest an offender without a warrant for any offense committed in his presence. Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977). A warrantless arrest must be

3

based on probable cause. *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001); *Guzman,* 955 S.W.2d at 90. Probable cause exists where the facts and circumstances within an arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Brinager v. United States*, 338 U.S. 160, 175-76 (1949); *Guzman*, 955 S.W.2d at 90. "An investigating officer's mere suspicion, hunch or 'good faith perception,' without more, is insufficient to constitute probable cause for an arrest." *Adkins v. State*, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988). Probable cause is determined through an examination of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Whaley v. State*, 686 S.W.2d 950, 950-51 (Tex. Crim. App. 1985). "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinager*, 338 U.S. at 175; *see Gates*, 462 U.S. at 231; *Whaley*, 686 S.W.2d at 951.

In this case, the officers were told by Lohse that Skiff had supplied the methamphetamine that the police found pursuant to their search of her residence. She stated that she would call Skiff and ask him to bring over more methamphetamine. The officers observed Lohse make the phone call, but heard only Lohse's side of the conversation. Skiff arrived at approximately the time Lohse indicated from her phone conversations; he was driving a vehicle matching Lohse's description and was identified by Lohse. Although Skiff testified that he was not called to the house and was there to visit Lohse's brother, the trial court rejected his testimony, and we afford the trial court's evaluation of his credibility almost total deference. *See Guzman*, 955 S.W.2d at 89. Viewing

4

the totality of the evidence presented at the suppression hearing, we conclude that the officers had probable cause to believe that Skiff was the individual at Lohse's door and that he was arriving with methamphetamine in his possession. Although Lohse had not previously provided credible and reliable evidence to the officers, the officers observed Lohse arrange the transaction with Skiff, she identified him and his vehicle, and he arrived at her residence at approximately the specified time in response to her request for methamphetamine. *See Cedano v. State*, 24 S.W.3d 406, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (probable cause found when police observed previously unknown informant arrange drug transaction by phone and person meeting informant's description arrived at prearranged location for transaction).[1] Skiff's issue on appeal is overruled.

The judgment of conviction is affirmed.

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:  July 1, 2004

Do Not Publish

---

[1] Because we conclude that there was probable cause to arrest Skiff, we need not consider the State's contention that Skiff abandoned the cigarette box containing the methamphetamine or whether that abandonment was induced by police misconduct. *See Armstrong v. State*, 966 S.W.2d 150, 153 (Tex. App.—Austin 1998, no pet.).