Opinion issued on April 13, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00915-CR




DARRELL EUGENE VENZANT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 03CR2094




MEMORANDUM OPINION
          After his pretrial motion to suppress evidence was denied, appellant, Darrell
Eugene Venzant, pleaded guilty to possession of cocaine in an amount of more than
one gram but less than four grams, with two enhancements. Pursuant to a plea
bargain agreement, the trial court assessed appellant’s punishment at 15 years’
confinement in jail. In his sole issue, appellant contends that the trial court erred in
denying his motion to suppress evidence seized during his arrest. We affirm.Background
          During the evening hours of May 10, 2003, City of Galveston Police Sergeant
Gomez was approached by Leonce Pierre who said that appellant had assaulted him
at a nearby motel room and that two other individuals were also in the room. 
Sergeant Gomez could see that Pierre had a bloody and bruised face. After calling
for assistance, Sergeant Gomez followed Pierre back to the motel where the alleged
assault occurred. Sergeant Gomez and Pierre knocked on the door of the motel room,
and the door was answered by appellant. 
          Sergeant Gomez testified that, from past experiences, he recognized appellant
as a very violent person. Once the other officers arrived, Pierre was ordered away
from the motel room so that the officers could investigate the situation. Sergeant
Gomez testified that, for the safety of the officers, he did a pat-down weapons search
of appellant and placed him in handcuffs. During a short interview, appellant
admitted that Pierre had been in the motel room, but denied that anyone else was
there. Later, officers found two other individuals in the motel room. 
          While Sergeant Gomez was interviewing appellant, City of Galveston Police
Officer Watson went back to his car to check for any outstanding warrants on
appellant. Officer Watson testified that he found that appellant had warrants, so he
returned to the motel room to place appellant under arrest. Officer Watson’s search
of appellant incident to the arrest produced a cigarette wrapper in appellant’s back
pocket that contained crack cocaine. This cocaine is the evidence subject to
appellant’s Motion to Suppress. After a hearing, the trial court denied appellant’s
motion. 
Motion to Suppress
          In his sole issue, appellant contends that, in violation of the Fourth Amendment
to the United States Constitution and Article 38.23 of the Texas Code of Criminal
Procedure, the trial court erred in denying his motion to suppress the cocaine because
the evidence was seized without a warrant, probable cause, or other lawful authority. 
Standard of Review 
          In reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to the facts. Id. 
          Where, as here, there are no findings of fact, we view the evidence in the light
most favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling as long as those findings are supported by the
record. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision
will be upheld. Id. at 856. The fact finder is the sole judge of the witnesses’
credibility and may accept or reject any or all of the witnesses’ testimony. Taylor v.
State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
          In this case, appellant argues that the officers lacked probable cause to detain
him by handcuffing him based on an accusation of Pierre, whom he referred to as “a
known drug user.” Detention for the purpose of investigating possible criminal
behavior is lawful where the officer can point to specific and articulable facts that,
taken together with rational inferences from those facts, reasonably warrant the
intrusion. Terry v. Ohio, 392 U.S.1, 21-22; 88 S. Ct. 1868, 1880 (1968); Garcia v.
State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Such a detention is lawful so
long as the officer’s action is: (1) justified at its inception and (2) reasonably related
in scope to the circumstances which justified the interference in the first place. 
Terry, 392 U.S. at 19-20, 88 S. Ct. at 1879. 
          Sergeant Gomez testified that, when Pierre approached him to report the
alleged assault, there was so much blood on his face that Gomez did not immediately
recognize Pierre, even though he knew him from past experiences. Pierre told
Sergeant Gomez that he had been assaulted by appellant in a motel room, and he led
Sergeant Gomez to that room, where appellant opened the door. In this case, these
are specific, articulable facts that reasonably warranted appellant’s detention. 
          Appellant further contends that he was not merely detained, but unlawfully
arrested when the officers handcuffed him while they checked for warrants. We
disagree.
          There is no bright-line test providing that mere handcuffing is always the
equivalent of an arrest. Rhodes v. State, 945 S.W.2d 115, 118 (Tex. Crim. App.
1997). Instead, when evaluating whether an investigative detention is unreasonable,
“common sense and ordinary human experience must govern over rigid criteria.” Id. 
          In this case, the officer placed appellant in handcuffs because he feared for his
own and the other officers’ safety. This safety concern was reasonable, given the
circumstances: Sergeant Gomez testified to knowing about appellant’s violent nature
from past experience, and he had seen the extent of the injuries sustained by Pierre. 
The officers in this case did what was reasonably necessary to ensure their own safety
while investigating appellant’s possible involvement in the assault. 
          Moreover, only a limited search for weapons was initially performed while
appellant was being detained, and that search did not result in the seizure of any
items. The cocaine that was the subject of appellant’s Motion to Suppress was
discovered during a more thorough search of appellant after he was placed under
arrest for outstanding warrants. Once the police have lawfully arrested a person, they
may conduct a warrantless search of the person and of objects immediately associated
with him. See Jones v. State, 640 S.W.2d 918, 921 (Tex. Crim. App. 1982). We
conclude that the investigative detention and pat-down search of appellant were
reasonable and justified under the circumstances and did not constitute an unlawful
arrest. The trial court did not abuse its discretion in denying appellant’s motion to
suppress evidence obtained as a result of the detention and search incident to his
arrest.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
                                                   
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.