Opinion issued June 25, 2009










 





In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00949-CR






MARCUS WAYNE HAYWARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1173559






MEMORANDUM OPINION


 Appellant, Marcus Wayne Hayward, pleaded guilty to the second-degree felony
of possession of a controlled substance, phencyclidine (PCP), weighing more than
four grams and less than two hundred grams. The trial court assessed punishment at
four years' confinement, in accordance with appellant's agreement with the State. (1) 
Appellant brings this appeal to challenge the denial of his motion to suppress
evidence seized from his vehicle in a warrantless search. We affirm.

BACKGROUND


 On July 3, 2008 around midnight, while on patrol near the 3300 block of
Yorkshire, Houston police officers S. Frank and B. Smith saw a vehicle speeding
away from an apartment complex known for gang activity. The officers made a
traffic stop after the car made a right-hand turn without providing a signal. Officer
Frank had 17 years' experience as a police officer at the time, and Officer Smith had
seven and a half years' experience. 

 Officer Frank approached the driver's side of the car while Officer Smith
approached the passenger side. After obtaining identification information from
appellant, who had been driving, and the passenger, Officer Frank went back to the
patrol car to check for outstanding warrants. Appellant and his passenger remained
in the car. Officer Smith remained by the passenger side of appellant's vehicle in the
meantime, having stepped back slightly from beside the passenger-side door. It
appeared to Smith that appellant and his passenger did not realize that Smith had
remained near the vehicle, because he was standing just behind its door jamb. 

 Smith saw appellant remove from his right pocket a small, brown bottle of the
type in which a one-ounce quantity of vanilla extract is sold. As Officer Smith
watched, appellant passed the bottle to his passenger, who had removed the cover of
the side door panel. The passenger placed the bottle inside the door panel, behind the
switch plate, and then replaced the cover. Officer Smith signaled to Officer Frank
that he should return to the vehicle and then told Frank what he had seen. At that
point, the officers detained appellant and his passenger outside the vehicle, and
Officer Smith proceeded to search the side panel. 

 Smith first observed that the cover of the side panel was not flush with the rest
of the door panel. On removing the cover, Smith located the bottle inside the panel,
behind the switch plate, where Smith had seen the passenger place it. The bottle was 

brown glass, but a clear liquid was nonetheless visible inside it. Crime lab testing
confirmed that the liquid was PCP. The officers did not search any other area or part
of the vehicle.

 Officer Frank testified that he knew without removing the cap of the bottle that
it contained PCP because of its unique odor. Officer Smith was less certain about the
odor, but was aware of an odor emanating from the bottle. Smith also explained that
he had learned from his training and experience that vanilla-extract bottles are
commonly used to transport quantities of PCP. Both officers knew from their training
and experience that offenders commonly use the side door panels of vehicles to
secrete contraband. 

 Appellant filed a pretrial motion to suppress the results of the warrantless
search on the grounds that the officers lacked probable cause to conduct the search. 
The trial court conducted an oral hearing on the motion, at which Officers Frank and
Smith were the only witnesses. On the following day, the trial court denied the
motion to suppress and announced the following fact findings:

 The Court finds, based on the credible testimony of [O]fficers . .
. Frank and Smith, that on July the 3rd of 2008, in Harris County, the
officers observed the defendant driving a vehicle in which he committed
the traffic violation of failure to signal. The officers at that time had
probable cause to stop [appellant] in regard to that traffic violation (2) and
the Court finds based on the testimony, uncontroverted testimony by
Officer Smith, that as he was standing on the passenger side of the
vehicle he observed [appellant] pass a vanilla extract bottle, which
[Smith] knows to be a container used to transport PCP, [Smith] saw`
[appellant] take the vanilla extract bottle out of his pocket and pass it to
the passenger. The passenger then secreted the vanilla extract bottle .
. . in the switch plate. . . . . [T]hat Officer Smith then notified Officer
Frank and that both officers approached the vehicle, that the only search
in the vehicle testified to by both officers was the exact location where
. . . Officer Smith had observed the vanilla extract bottle being placed
and that the bottle was recovered and found to contain PCP.


 The Court believes, based on the testimony of Officer Smith, that,
in fact, upon seeing that vanilla extract bottle being taken out of the
defendant's pocket, handed to the passenger and being placed under the
switch plate, and the officer's knowledge, training and experience that
PCP is oftentimes secreted in vanilla extract bottles, the Court believes
there was probable cause for the officer to then look in that particular
place within the vehicle. 


 The trial court further clarified that Officer Smith's having witnessed
appellant's passing and his passenger's secreting the bottle constituted sufficient
probable cause to search. The court further specified that it did not base its ruling of
probable cause on the possibility that appellant's vehicle might contain weapons. 

STANDARD OF REVIEW


 Like any ruling on the admissibility of evidence, we review the trial court's
ruling on a motion to suppress for abuse of discretion. State v. Dixon, 206 S.W.3d
587, 590 (Tex. Crim. App. 2006). We will affirm the ruling, therefore, "if it is
reasonably supported by the record and is correct under any theory of law applicable
to the case." Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). We must
view the evidence in the light that most favors the ruling, because the trial court is
"uniquely situated" to observe the demeanor and the appearance of witnesses at the
hearing and is "the sole trier of fact and judge of the credibility of the witnesses and
the weight to be given their testimony." Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.
Crim. App. 2007) (citing State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)
(additional citations omitted)). 

 When, as here, the totality of circumstances test applies, we must (1) consider
the circumstances in totality and thus without "isolating and then discounting each
fact and circumstance" that may have influenced the trial court's ruling; denial of a
motion to suppress and (2) defer almost totally to factual determinations by the trial
court that are supported by the record. See Wiede, 214 S.W.3d at 28 (holding that
court of appeals erred in both respects).

PROBABLE CAUSE FOR WARRANTLESS SEARCH


 Evidence seized by police without a warrant may be admissible only if an
exception to the Fourth Amendment's warrant requirement applies. Neal v. State, 256
S.W.3d 264, 282 (Tex. Crim. App. 2008). It is undisputed that the search of
appellant's vehicle was warrantless and, thus, per se unreasonable. See Wiede, 214
S.W.3d at 24. Accordingly, the burden was on the State to establish an exception to
the warrant requirement. Neal, 256 S.W.3d at 282 (citing Torres v. State, 182 S.W.3d
899, 902 (Tex. Crim. App. 2005)). 

 A totality of the circumstances analysis controls whether police officers had
probable cause to search without a warrant. See Neal, 256 S.W.3d at 282-83; Whaley
v. State, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985). In reviewing whether Officers
Frank and Smith had probable cause to conduct a search, we must defer almost totally
to the trial court's express or implied determination of historical facts, and we review
de novo the court's application of the law of search and seizure to the facts found. 
See Wiede, 214 S.W.3d at 25; Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). 

 An officer has probable cause to search when the totality of facts and
circumstances known to the officer is sufficient to warrant a belief by a person of
reasonable prudence that contraband or evidence of a crime will be found in the place
to be searched. See Wiede, 214 S.W.3d at 24; cf., Neal, 256 S.W.3d at 282 (stating
that probable cause to search exists when there is a "fair probability" of finding
inculpatory evidence at the location being searched) (citing Wiede, 214 S.W.3d at 24
n. 29 (citing Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)). (3) The
known facts and circumstances include those personally known to the officer. Id. 
Facts and circumstances personally known to an officer encompass the officer's
"training, knowledge, and experience," but the officer's subjective intent, motivation,
or "hunch" are not known facts and circumstances. See id. at 25 (citing United States
v. Arvizu, 534 U.S. 266, 274, 122 S. Ct. 744, 751 (2002); Texas v. Brown, 460 U.S.
730, 742, 103 S. Ct. 1535, 1543 (1983) (additional citations omitted)). A finding of
probable cause is sufficient, without more, to satisfy the automobile exception to the
Fourth Amendment warrant requirement. See Dixon v. State, 206 S.W.3d 613, 619
n.25 (Tex. Crim. App. 2006). 

 Appellant's sole issue challenges the trial court's ruling that probable cause
existed to search the location in appellant's car where Officer Smith saw appellant
secrete the brown glass vanilla-extract bottle, which the officers suspected to contain
PCP. Appellant contends that the search violated his state and federal constitutional
rights because the furtive gestures described by Officer Smith were the sole reason
for the search and were thus not sufficient to establish probable cause. Appellant also
argues that only conclusory testimony, or "hunches," by both officers supported their
claims of expertise in detecting PCP. 

 Well-settled law recognizes that "furtive gestures" alone are not sufficient to
constitute probable cause to conduct a warrantless search. See Wiede, 214 S.W.3d
at 25; Canales v. State, 221 S.W.3d 194, 200 (Tex. App.--Houston [1st Dist.] 2006,
no pet.). But appellant incorrectly contends that the "furtive gesture" by appellant
reported by Officer Smith was the only circumstance on which the State relied to
meet its burden to establish an exception to the warrant requirement. Like the trial
court, we must focus on the totality of circumstances and may not focus on isolated
facts. See Wiede, 221 S.W.3d at 25, 28 (condemning attempts to discredit totality of
circumstances supporting probable cause by "piecemeal" or "divide and conquer"
approach). 

 We note first the trial court's express finding, to which we must defer, see id.
at 25, that both officers provided credible testimony. Likewise, before stopping
appellant for failing to signal a right turn and observing any conduct by appellant and
his passenger in the vehicle, the officers observed that appellant drove at a high rate
of speed out of an apartment complex known for gang activity. 

 In addition to describing the gestures that appellant dismisses as merely furtive,
Officer Smith noted that it seemed that neither appellant nor his passenger realized
they were being observed. The stop occurred at night, around midnight. When
Officer Smith saw the transfer of the container containing the PCP, he had stepped
back from his prior position beside the passenger door to a position behind the door
jamb, which may have obscured him. 

 Furthermore, Officer Smith observed not just one, but several gestures that
were made by not just one person, but two. Specifically, appellant removed
something from his pocket; Smith immediately identified the brown bottle with the
clear liquid as the type used to transfer PCP; and Smith saw appellant pass the bottle,
saw the passenger remove the door panel, saw the passenger secrete the brown bottle,
and saw the passenger replace the door panel. These circumstances indicate
communication and cooperation by appellant and his passenger to accomplish
secreting the bottle. As the trial court also noted, the officers did not conduct an
inventory search of appellant's vehicle, but limited their search to the area where
Officer Smith saw appellant's passenger hide the suspicious bottle. 

 Regarding the knowledge of the officers, appellant dismisses their testimony
as mere conclusory hunches or suspicion because neither explained the basis of his
opinion or his training. But both officers, whom the trial court expressly found to be
credible witnesses, explained that they relied on their experience and training in
recognizing that the clear liquid in the brown bottle was very likely PCP because it
is typically transported in one-ounce brown bottles of the type used to package 
vanilla extract. (4) Under the record presented, neither officer relied on hunch, surmise,
or suspicion, but on their training and experience, which the trial court expressly and
properly considered as part of the totality of circumstances. See id.

 We hold, therefore, that the totality of circumstances known to the officers and
presented to the trial court warranted a belief by a person of reasonable prudence that
contraband, specifically, the suspected PCP, would be found inside the passenger-side door panel of appellant's car. See id. at 24. Stated otherwise, the totality of
circumstances known to the officers presented a "fair probability" that they would
find contraband, specifically, the suspected PCP, inside the passenger-side door panel
of appellant's car. See Neal, 256 S.W.3d at 282. Accordingly, the State met its
burden to establish the probable-cause exception to the warrant normally required by
the Fourth Amendment and any related state constitutional principle, see Dixon, 206
S.W.3d at 619 n.25, and the trial court did not err by denying appellant's motion to
suppress. 

 We overrule appellant's sole issue.

CONCLUSIONn


We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Sharp and Taft (5). 

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant's guilty plea was pursuant to an agreement with the State, but the trial court
certified that he retained the right to appeal the denial of his pretrial motion to
suppress.
2. Appellant does not challenge the trial court's finding that the officers had probable
cause to stop his vehicle for failure to signal a right turn.
3. The Court of Criminal Appeals has described probable cause as "the sum total of
layers of information, and not merely individual layers of and considerations," upon
which a reasonable and prudent person acts. Estrada v. State, 154 S.W.3d 604, 609
(Tex. Crim. App. 2005).
4. Appellant also challenges the officers' describing the odor emanating from the bottle,
once it was retrieved, as indicating PCP. But this testimony addresses postsearch
investigation and is thus not properly part of the totality of circumstances from which 
probable cause to conduct the search is evaluated. We note, in this regard, that in
announcing its oral findings of fact supporting probable cause, the trial court properly
omitted any reference to the odor emanating from the bottle. 
5. The Honorable Tim Taft, retired justice, Court of Appeals for the First District
of Texas, participating by assignment.