Charles **MILTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64268.

Court of Criminal Appeals of Texas, En Banc.

Dec. 10, 1980.

**Marvin Earl BELL, Appellant,**

v.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William D. Kane, Jr., David B. Lobingier, Dale S. Hanna and C. Chris Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

We granted the appellant's motion for leave to file motion for rehearing to consider a ground of error which was not discussed in the opinion delivered on original submission. By his second ground of error the appellant complains that the State improperly commented on his failure to testify. During final argument to the jury at the guilt or innocence stage of the trial the prosecutor stated:

"This is a nightmare. People, a person who lived through that nightmare is still here to tell you about it. Easiest thing in the world for you to do is not to find him guilty of capital murder."

To determine if the State's argument was improper we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Bird v. State*, 527 S.W.2d 891 (Tex. Cr.App.1975). In applying this test the facts and circumstances of each case must be analyzed. *Overstreet v. State*, 470 S.W.2d 653 (Tex.Cr.App.1971). The record in the instant case reveals that two individuals survived the "nightmare"—the appellant who did not testify and Leonard Denton who did testify as an eyewitness to his wife's murder. Therefore, the jury could have inferred that the prosecutor was referring to someone other than the appellant. At any rate, the comment complained of was not necessarily a reference to the failure of the appellant to testify. The ground of error is overruled.

The appellant's motion for rehearing is denied.