**Alexander Eugene GRANTHAM, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–83–107–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1983.

Max Blankenship, Fort Worth, for appellant.

C. Chris Marshall, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted by a jury of aggravated robbery with a deadly weapon and was assessed punishment of ten years imprisonment by the jury.

We affirm.

According to the undisputed and unrefuted evidence in the record, Aubrey Stamps and his wife Margaret were robbed of jewelry and other possessions, valued at more than $29,000.00, in their home in Haltom City, Texas, on April 10, 1982. Appellant was indicted and tried on the charge of aggravated robbery with a firearm as against Margaret Stamps. Mrs. Stamps and Jerry Lynn Harcrow, an accomplice of appellant in the robbery, were the only witnesses who testified at the trial. Both testified that appellant and Harcrow robbed Mr. and Mrs. Stamps of jewelry and other valuables, and that both men were using pistols to aid in the robbery. Appellant did not testify and called no other witnesses.

 Appellant's first ground of error asserts error on the part of the trial court in overruling his objection to a statement made by the State's prosecutor during jury argument. In his final argument during the guilt-innocence phase of the trial, the prosecutor told the jury: "All that you heard is that the Defendant in the presence and with Jerry Harcrow came before Mrs. Stamps on or about April 10th of 1982 on a Saturday—." Objection to this statement was made by appellant on the ground that it was a reference to his failure to testify in his own behalf and the objection was overruled by the trial court.

To determine if the prosecutor's comment was improper, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and *necessarily* consider it

to be a comment on the failure of the accused to testify. (Emphasis added). *Milton v. State,* 620 S.W.2d 115, 116 (Tex.Cr. App.1980). Viewing the prosecutor's remark in context, we find the jury could reasonably have considered the comment to be nothing more than a mere preface to a summary of the evidence reiterating the overwhelming nature of the State's evidence of guilt. Although it is *possible* that the language could have been interpreted as a comment on the appellant's failure to testify, the comment was not of such a nature that it *necessarily* would have been so interpreted. The fact that the language *might* have been construed as an implied or indirect allusion to appellant's failure to testify is not sufficient to render the comment improper. *Todd v. State,* 598 S.W.2d 286, 299 (Tex.Cr.App.1980).

Appellant cites us to *Todd, supra,* for the proposition that an indirect comment by the prosecutor that labels evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if *only* the defendant could offer the rebutting evidence. While we recognize that appellant was the only one who could have offered rebutting evidence in the instant case, the comment complained of in no way referred to the evidence as uncontroverted, unrefuted, or uncontradicted.

Appellant's first ground of error is overruled.

 In the second ground of error, appellant complains that the trial court erred in overruling his objection to a question asked by the prosecutor of appellant during the punishment phase of the trial. The State argues, initially, that appellant has failed to preserve the error, if any, for review by failing to obtain an adverse ruling on his objection to the question.

The record shows that the prosecutor asked appellant whether he admitted his guilt of the offense charged. Appellant's objection to this question was sustained. The prosecutor then asked appellant if he agreed or disagreed with the jury's verdict. Appellant objected generally to the ques-

tion as an improper question and the State asked to approach the bench. At this point, a discussion was had at the bench and the jury was removed from the courtroom. The prosecutor again asked appellant if he was guilty of the offense with which he was charged. Appellant interposed the following objection:

> Your Honor, I object to the question. It's not relevant to this portion of the trial. It is something that the jury has already passed on by returning its verdict and it's an improper question. We object to it.

After a response by the prosecutor and further response by appellant, the trial court overruled appellant's objection to the question but held that appellant would not be required to answer. The same question was then asked of appellant in the jury's presence. Appellant's objection was overruled but appellant was not required to answer.

While appellant did not obtain an adverse ruling on his objection to the *second* question as to whether appellant agreed or disagreed with the jury verdict, the adverse ruling on appellant's objection to the third question by the prosecutor was sufficient to preserve the error for review.

The State next argues that because appellant had applied for probation, the questions complained of were permissible at the punishment stage of the trial to determine whether appellant felt any remorse or regret for the offense. With this contention we agree.

In *Santiago v. State,* 444 S.W.2d 758, 759 (Tex.Cr.App.1969), the court sanctioned a question, during cross-examination in the punishment phase of the trial, which asked whether the defendant regretted or was sorry for committing the offense for which he had previously been convicted in the guilt-innocence phase. The court cited *Allaben v. State,* 418 S.W.2d 517, 519 (Tex.Cr. App.1967), which held:

> Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann. C.C.P. is by no means limited to the de-

fendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.

After noting that the defendant had filed an application for probation, the court concluded that it was entirely proper for the State to inquire of the defendant, at this stage of the trial, if he regretted having committed the offense with which he was charged and had already been found guilty by the jury.

The question asked in *Santiago, supra,* by necessary implication contemplated an admission of guilt by the defendant. Accordingly, we hold that the question in the instant case simply asking whether appellant admitted guilt of the offense charged was permissible. The question went to the issue of appellant's remorse, regret, or contrition regarding his conduct and was thus relevant to the application for probation.

Appellant's second ground of error is overruled.

The judgment is affirmed.