Zeke Allen **MENDIZABAL,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–86–286–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1987.

Samuel L. Knight, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Jeffery Davis Ross, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a jury conviction for possession of heroin, enhanced by a prior conviction. The jury assessed punishment at nine years confinement in the Texas Department of Corrections plus a $4000 fine. On appeal, appellant complains about the denial of his motion to suppress. We find no error and, accordingly, affirm the judgment of the court below.

The evidence at the motion to suppress showed that Officer Jordan (Jordan), a narcotics officer with ten years of experience, was out on the streets at 10:00 a.m. on June 3, 1985, when he was notified through a pager that he should telephone an informant. Jordan testified that he had used the informant more than three times in the past and had found the informant's information to be reliable. Jordan further testified that the informant told him that a Latin American male would be leaving Amanda's house "real quick;" would be driving a brown pickup truck; and would be holding heroin. The informant, however, did not say where the heroin would be located; where the suspect would be going; or whether the suspect would be traveling with anyone.

Jordan testified that he knew where Amanda's house was located. He immediately went to her house and established surveillance. Within ten minutes, Jordan saw appellant leave Amanda's house and get into a parked brown pickup truck. He was accompanied by a woman. Appellant then drove away.

Jordan radioed for a uniformed backup unit and proceeded to follow appellant. After appellant had driven four or five miles, a uniformed officer stopped appellant. Jordan stopped as well. The uniformed officer searched appellant and found five balloons of heroin in his pocket. Appellant was then arrested.

In point of error one, appellant argues that the motion to suppress should have been granted because the police officer lacked probable cause to arrest and search him. He lists three reasons why probable cause failed: (1) the informant's information was not sufficiently detailed; (2) the informant did not reveal the basis of his knowledge; and (3) the police officer's corroboration of the information revealed only nondetailed innocent activity that could have been known to anyone by means of casual observation and did not relate to future conduct. We disagree with appellant's contentions.

■ In deciding whether a warrantless arrest, which is effected on the basis of information received from an informant, is supported by probable cause, we apply the "totality of the circumstances" analysis announced in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Whaley v. State,* 686 S.W.2d 950, 951 (Tex. Crim.App.1985). An important part of the "totality of the circumstances" analysis is the examination of the corroboration of details of an informant's tip by independent police work. *Whaley,* 686 S.W.2d at 950–951.

■ Here, the police officer testified that he had used the informant more than three times in the past and had found the informant's information to be reliable. Further, the police officer corroborated the informant's information before arresting appellant: (1) appellant came out of the private residence where the informant had said appellant would be; (2) appellant was a Latin American male; (3) appellant left the house "real quick" (within thirteen minutes of the police officer's receiving the information); and (4) appellant got into a brown pickup truck. The only detail that the police officer was unable to verify prior to arrest was that appellant would be holding heroin. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

Contrary to appellant's assertions, the informant's information was sufficiently

detailed. Further, the police officer's corroboration of the information indicated that the informant's tip did relate to appellant's immediate future conduct. Moreover, that the informant did not reveal the basis of his knowledge is insufficient to destroy probable cause in light of the totality of the circumstances presented here. Under the "totality of the circumstances" analysis, we find that the reliability of the informant, coupled with the police officer's verification of the informant's information, was sufficient to create probable cause for a warrantless arrest. Point of error one is overruled.

The argument in point of error two is contingent on this court finding that probable cause to arrest and search did not exist. Because we have found that probable cause existed, we overrule point of error two.

■ This Court has also received a pro se brief. There is no right to hybrid representation and the brief is not properly before us. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App.1981). However, a review of it, in the interest of justice, shows nothing of merit.

Accordingly, the judgment of the trial court is affirmed.