**Billy Eugene COATS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–211–CR.**

Court of Appeals of Texas,
Fort Worth.

May 31, 1989.

Pete Gilfeather, Weatherford, for Appellant.

Amy Ayers Adams, Dist. Atty. and Christopher A. Curtis, Asst., and Donald Schnebley, Asst. Weatherford, for State.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

FARRIS, Justice.

Billy Eugene Coats was convicted by a jury of possession of less than twenty-eight grams of methamphetamine and sentenced to fifteen years in the Texas Department of Corrections. *See* TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 4.041 (Vernon Supp.1989).

Coats raises six points of error on appeal. In points one and two, Coats complains the trial court erred in admitting evidence seized as a result of an illegal, pretextual arrest and in failing to charge the jury on the issue of probable cause for the stop and search. In his third point, Coats alleges error in the court's refusal to strike the opinion of the State's expert that the substances seized were methamphetamine. In points four, five, and six, Coats alleges improper prosecutorial argument. We overrule all points of error and affirm the judgment of the trial court.

In his first point of error, Coats asserts that the trial court erred in admitting the methamphetamine and drug paraphernalia found in his possession after his arrest. He contends the evidence was inadmissible because his arrest for driving with a suspended license was a mere pretext for searching for illegal drugs and was not supported by probable cause.

Coats relies on the principle that an arrest for one crime may not be used as a pretext to search for evidence of another. *Black v. State*, 739 S.W.2d 240, 243 (Tex. Crim.App.1987). In *Black*, the Court of Criminal Appeals explained that in analyzing such a complaint, the issues of probable cause and pretext are to be addressed separately. *Id.* Therefore, we must first determine whether probable cause to search for illegal drugs existed, and if so, whether exigent circumstances justified a warrantless search. Only if one of these questions is answered in the negative would the pretextual allegation need to be addressed. *See Black*, 739 S.W.2d at 243.

In determining whether there was probable cause for the search, the duty of the reviewing court is to look to the totality of the circumstances to see if there is a substantial basis for concluding that probable cause existed at the time. *Eisenhauer v. State*, 754 S.W.2d 159, 164–65 (Tex.Crim. App.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988), *approv-*

*ing,* 678 S.W.2d 947 (Tex.Crim.App.1984). In *Eisenhauer,* the Court of Criminal Appeals adopted the totality of the circumstances approach to determinations of probable cause approved by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983); *Eisenhauer,* 754 S.W.2d at 164. The court held that this approach governs all determinations of probable cause. *Id.* (citations omitted). In *Gates,* the Supreme Court explained that probable cause to search existed when, in view of all circumstances, one makes a determination that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

In light of the totality of the circumstances, Officer Morgan had probable cause to search Coats and his motorcycle for illegal drugs. At approximately 8:15 a.m. the morning of the arrest, Narcotics Investigator Spurlock was met by Rex Keeling, a narcotics informer, as he pulled into the parking lot of the Parker County Drug Task Force office. Keeling informed him that Billy Coats would be riding into Weatherford on a black motorcycle and would have an "eight ball" (an eighth of an ounce of amphetamine) in his possession. He relayed that Coats could be seen at the 1800 block of the Fort Worth Highway. Investigator Spurlock notified Officer Morgan of the information he had received and asked him to go to the designated location to watch for Coats. Officer Morgan indicated that he was familiar with Coats and proceeded to the 1800 block of Fort Worth Highway. Once he arrived, he observed Coats and passenger Rex Keeling, riding a black motorcycle, pull into the parking lot where he was located.

The facts in this case parallel those facts held in *Eisenhauer* to constitute probable cause. *Eisenhauer,* 678 S.W.2d at 955. A Houston police officer assigned to Intercontinental Airport received a tip from a reliable informant that Eisenhauer would fly out on a 1:30 flight to Miami and return that same day with cocaine in his possession. The informant also described Eisen-

hauer's physical characteristics and dress. *Id.* at 950.

The Court of Criminal Appeals considered the informant's identification of Eisenhauer, prediction of his actions, and the purpose of his trip. The court noted that at the time of the interception, the arresting officer had personally verified every facet of the information given him by the informer except whether Eisenhauer actually had cocaine in his possession. There was also an indication that the informant had personal knowledge of the facts he relayed or had gained the information in a reliable way. These circumstances, together with Eisenhauer's generally innocent actions in the airport and his reactions when he learned the officer believed he possessed cocaine, furnished a substantial basis for concluding probable cause existed to arrest appellant. *Id.* at 955.

In this case, Keeling named an individual already known to the police and predicted his actions with accuracy and specificity. Keeling's presence on the back of Coats' motorcycle at the time of the arrest indicates that there is no question as to his personal knowledge of the facts conveyed in the tip. As in *Eisenhauer,* all the details furnished by the informant were corroborated prior to the search except for whether the defendant actually had drugs in his possession.

It is not apparent from the record whether Keeling specified when Coats was to ride into Weatherford. Even if he did not specify when this was to occur, it would be reasonable to infer that it was to take place immediately. Investigator Spurlock was justified in assuming that he did not have time to obtain a search warrant. In fact, the events detailed in Keeling's tip took place less than thirty minutes after he spoke to Investigator Spurlock.

■■■ We hold that Officer Morgan had probable cause to search Coats and his motorcycle and exigent circumstances justified a warrantless search; we need not address the pretextual allegation. *See Eisenhauer,* 678 S.W.2d at 954, *approved,* 754 S.W.2d at 164–65; *Jones v. State,* 640

S.W.2d 918, 920 (Tex.Crim.App. [Panel Op.] 1982); *Hicks v. State,* 545 S.W.2d 805, 808–09 (Tex.Crim.App.1977). The fact that Officer Morgan's decision to arrest and search was based on an erroneous reason is not controlling because both the search and arrest were supported by probable cause. If a decision to search is correct under any theory of law applicable to a case, it is sufficient as a matter of law. *See Esco v. State,* 668 S.W.2d 358, 366 (Tex.Crim.App. [Panel Op.] 1982) (opinion on reh'g); *Jackson v. State,* 745 S.W.2d 394, 396 (Tex.App. —Houston [1st Dist.] 1987, pet. ref'd); *see also Scott v. United States,* 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 178 (1978).

▪ The methamphetamine and drug paraphernalia found during the search of Coats and his motorcycle gave the officers probable cause to arrest Coats because they had witnessed a crime being committed in their presence. *Milton v. State,* 549 S.W.2d 190, 193 (Tex.Crim.App.1977); TEX. CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977). Point of error one is overruled.

▪ In his second point of error, Coats contends the trial court erred in refusing to submit his requested instruction on probable cause. Coats was not entitled to such an instruction because the facts pertaining to the existence of probable cause were not in dispute. *Morr v. State,* 631 S.W.2d 517, 518 (Tex.Crim.App.1982). Coats did not challenge the information conveyed in the informant's tip or Officer Morgan's independent verification of that information. He contested only the facts pertaining to the reasonableness of Officer Morgan's belief that he was driving with a suspended license. We overrule Coats' second point of error.

In his third point of error, Coats complains that the trial court erred in refusing to strike the testimony of the State's expert that in his opinion, the substances seized contained methamphetamine. Coats contends the State failed to meet its burden of proving the admissibility of the expert's opinion because there was no evidence as to what tests he relied upon in reaching his conclusion and whether the tests are rea- sonably accepted in the scientific community.

▪ In order to complain on appeal of the admission of evidence, one must make a timely objection calling the court's attention to the proper grounds for excluding the evidence. *See Taylor v. State,* 489 S.W.2d 890, 892 (Tex.Crim.App.1973); *Albitez v. State,* 461 S.W.2d 609, 612 (Tex.Crim. App.1970). Not only did Coats fail to object to the expert's opinion as to the contents of the substance seized on these grounds, he also failed to test the factual basis for the expert's opinion on cross-examination. Furthermore, the failure of the expert to fully disclose the basis of his opinion goes to the weight rather than the admissibility of the testimony. *Rodriquez v. State,* 495 S.W.2d 952, 956–57 (Tex.Crim. App.1973). Coats' third point of error is overruled.

In his fourth, fifth and sixth points of error, Coats alleges improper prosecutorial argument. His objection to each argument was sustained and the jury was instructed to disregard. Coats also requested a mistrial after each argument, complaining the arguments were too prejudicial to be cured by the court's instructions to disregard. His requests were denied. Alternatively, Coats asserts that if none of the comments complained of were egregious enough to warrant a mistrial, when viewed collectively, the prosecutor's comments were so harmful and prejudicial that Coats was denied a fair trial. We disagree and overrule points four, five and six.

There are four general areas of permissible jury argument in a criminal case: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex.Crim.App. 1988); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984).

▪ In his fourth point of error, Coats complains that the following comments were improper:

I often hear people make comments about "Why don't they do something about crime".

. . . .

Ladies and gentlemen, what you do here today and what you sentence Mr. Coats to will send a message out to this community. And it will send a message to Billy Coats and people like him.

It's going to tell them either "Yes, you can come into Parker County have [sic] and methamphetamine and three prior convictions, but because they weren't violent we're going to just kind of give you a light sentence" or you can tell them, "No, a drug offense, three priors, this is what we think about it." He's asking you for mercy. I'm asking you for justice. That's what we're here about. Not mercy, justice.

It's them against us . . . .

Both comments were clearly permissible pleas for law enforcement. *Adams v. State*, 685 S.W.2d 661, 671 (Tex.Crim.App. 1985); *Stone v. State*, 574 S.W.2d 85, 90 (Tex.Crim.App. [Panel Op.] 1978). Even if the arguments were improper, they were rendered harmless by the court's instructions to the jury to disregard them. *See Carter v. State*, 614 S.W.2d 821, 824–25 (Tex.Crim.App. [Panel Op.] 1981). Coats' fourth point of error is overruled.

In his fifth point of error, Coats contends that the prosecutor commented impermissibly on his failure to testify. During his summation of evidence presented during the guilt/innocence phase of the trial, the prosecutor stated that the jury could consider Coats' remark at the time of his arrest that Officer Morgan knew his license was still suspended. The prosecutor then commented "[a]nd you can well imagine the defendant's reaction because he and Officer Morgan had gone there [sic] this same routine two times."

The test for determining whether an argument is a comment on the defendant's failure to testify is set forth in *Milton v. State*, 620 S.W.2d 115 (Tex.Crim.App.1980):

To determine if the State's argument was improper we must consider whether the language used was manifestly intended or was of such character that jury would naturally and *necessarily* take it to be a comment on defendant's failure to testify.

*Id.* at 116 (emphasis added). It is not sufficient that the language might be construed as an indirect reference to the defendant's failure to testify. *Todd v. State*, 598 S.W. 2d 286, 294 (Tex.Crim.App. [Panel Op.] 1980).

In this case, the prosecutor was commenting on a statement made by Coats that was admissible at trial. While in this case the prosecutor's comment contains an implied comment on Coats' failure to testify, we cannot say that the argument, when viewed in the context of the facts and circumstances of the case, was intended as a comment on Coats' failure to testify or was of such a character that the jury would naturally and necessarily take it to be such. Even if the comment was improper, any ill effects were cured by the court's instruction to disregard it. *Carter*, 614 S.W.2d at 824–25. Coats' fifth point of error is overruled.

In his sixth point of error, Coats complains that the following comments constituted improper bolstering:

I want to launch right into something that [defendant's attorney] started [sic] at the end of his argument that you somehow should do something to let these law enforcement officers know that they did something wrong.

. . . .

. . . I'm not ashamed of anything these officers did.

. . . .

. . . [Defendant's attorney] would have you believe that somehow the officers lied about searching Rex Keeling. Maybe you believe that. I submit to you they were telling the truth.

Both arguments were invited by arguments made by Coats' attorney. During his jury argument, Coats' attorney made the following comments:

Based on what you heard, I'd ask you to find Billy Coats not guilty in this case. Not only because the evidence shows

he's not guilty, but because you'll be showing the people who enforce your laws here in Parker County that you want them to have a good reason to stop somebody.

. . . .

... Do you honestly believe that they searched Rex Keeling simply because he was a passenger of the vehicle?

. . . .

... There are several reasonable inferences as to why Rex Keeling was searched that morning.

One was they wanted to make it look good and they didn't want anybody to know he was the informant....

Another explanation is they didn't trust Rex Keeling and they knew Rex Keeling was a drug user and they suspected him of having drugs in his possession.

And the third one is that they suspected Rex Keeling had given this to Billy Coats or stuck it in his pocket. And they wanted to make sure they didn't have anything else on him so they could come up here and testify that he didn't.

. . . .

And you've got a right to look at the overall circumstances, ladies and gentlemen. When you do, I think you'll find that this thing smells from the word go.

A comment on the credibility of a State's witness is permissible if it is invited by and in response to the defendant's argument. *Chapman v. State*, 503 S.W.2d 237, 238 (Tex.Crim.App.1974).

Furthermore, any bolstering effect the prosecutor's argument may have had was not so prejudicial that it could not be cured by the court's instruction to disregard. *Carter*, 614 S.W.2d at 824–25. Coats' sixth point of error is overruled.

Because none of the arguments complained of were improper, we find no merit in the contention that when viewed collectively, the prosecutor's arguments constitute reversible error.

The judgment of the trial court is affirmed.