Amy Ayers Adams, Dist. Atty., and Christopher A. Curtis and Donald Schnebly, Asst. Dist. Attys., Weatherford, Robert Huttash, State's Atty., Austin, for the State.

**Billy Eugene COATS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 981–89.

Court of Criminal Appeals of Texas, En Banc.

July 3, 1991.

Rehearing Denied Sept. 18, 1991.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of possession of methamphetamine, and his punishment was assessed at fifteen years in the Texas Department of Corrections.[1] The Court of Appeals affirmed his conviction. *Coats v. State*, 769 S.W.2d 724 (Tex. App.—Ft. Worth 1989). This Court granted appellant's ground for review which

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

stated: "The decision by the Court of Appeals affirming the trial Courts [sic] failure to suppress evidence is in direct conflict with previous decisions by the Texas Court of Criminal Appeals." In the brief in support of his petition for discretionary review appellant rephrased this question as follows: "Whether the Second Court of Appeals erred in ruling that there was probable cause to stop Appellant and that this was not a pretext stop."

At 8:15 a.m. on the day of the arrest, an informant told officers of the Parker County Drug Task Force that appellant was riding a black motorcycle into Weatherford, and they could find him with some "speed" in the 1800 block of the Fort Worth highway later that morning. The officers had known the informant for only three weeks. Mike Morgan, a sheriff's deputy, informed the others that he had stopped appellant six weeks before, and that appellant's license had been suspended. The deputy went to a restaurant parking lot in the 1800 block of the Fort Worth highway and waited. Within thirty minutes of receiving the tip appellant and the informant drove up on the black motorcycle, turned off the highway into the parking lot, and stopped. Deputy Morgan approached appellant and asked him for his license. Appellant responded, "Mike, you know I don't have it." Consequently, the officer arrested appellant for driving while his license was suspended, and conducted a search of appellant and his motorcycle. Methamphetamine was found both on appellant's person and under the motorcycle seat.

After a pretrial hearing the trial court overruled appellant's motion to suppress the methamphetamine found during the search conducted by Deputy Morgan. On appeal appellant contended the police officer stopped and arrested him for driving with a suspended license as a pretext to search for illegal drugs, relying on *Black v. State,* 739 S.W.2d 240 (Tex.Cr.App.1987). The court held that, based on the informant's tip which was corroborated by Deputy Morgan's observations, the officer had probable cause to search appellant and his motorcycle, and so the warrantless search was justified. The court concluded that,

because probable cause existed, it need not address the pretextual allegation. *Coats,* 769 S.W.2d at 726. Contrary to appellant's contention in this Court, the Court of Appeals never addressed whether there was a pretext stop. We now examine appellant's assertion that the police officer lacked probable cause to stop appellant and search for drugs.

As stated previously, the Court of Appeals held the search was proper. The court found the police were able to corroborate all the facts of the informant's tip save the actual possession of the contraband. Because the tip was sufficiently detailed to show it was reliable, the police had probable cause for the search. *Eisenhauer v. State,* 754 S.W.2d 159 (Tex.Cr. App.1988), *cert. denied,* 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101, *approving,* 678 S.W.2d 947 (Tex.Cr.App.1984).

We find the Court of Appeals' reliance on *Eisenhauer* to be misplaced. Several factors were present in that case which are absent here. In *Eisenhauer,* the officer testified that a reliable confidential informant told him the defendant would be flying to Miami and returning that same evening with cocaine. "Florida is well known as a source of narcotics and other illegal drugs." *Illinois v. Gates,* 462 U.S. 213, 243, 103 S.Ct. 2317, 2335, 76 L.Ed.2d 527, 551 (1983). Officers were able to verify that Eisenhauer was listed as a passenger on the 1:30 flight to Miami. They saw a person matching his description get off the 8:00 o'clock flight from Miami, walk quickly through the terminal, look over his shoulder twice, and head for the exit. After the officers stopped him, Eisenhauer agreed to talk with them. When they told him he was suspected of being a cocaine courier coming from Miami, Eisenhauer began to shake, sweat, and stutter. This Court held the addition of these factors "furnished a substantial basis for [the officer] to conclude that there was probable cause...." *Eisenhauer,* supra at 955.

In the present case, the informant had been known to officers for only three weeks. There was no testimony that he had given police reliable information in the

past. There was no indication whence appellant would be coming, or whether he was going to pick up the drugs at that time. There was no evidence to show that Weatherford is a well known source of narcotics or other illegal drugs. There was no testimony that appellant acted nervously when approached by Deputy Morgan; in fact, when the officer asked for his drivers license appellant responded that he did not have it. Clearly, appellant's actions here gave the officer no additional facts on which to base probable cause for the search.

The initial stop itself may have been justifiable based on the officer's reasonable suspicion that appellant was in possession of "speed" based on the informant's tip. See *Alabama v. White*, 496 U.S. ——, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). However, there was no testimony that the police had gathered any additional information causing this suspicion to ripen into probable cause to enable them to conduct the search. Therefore the holding of the court of appeals that the search of appellant and his motorcycle "under the totality of the circumstances" was erroneous.

The judgment of the Court of Appeals is reversed and remanded to that court for further proceedings consistent with this opinion.