IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-025-CR




BRADLEY McKELLOP,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0922575, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





 After appellant's motion to suppress evidence was overruled, appellant entered a
plea of guilty to the offense of possession of a controlled substance, cocaine, in an amount less
than 28 grams. See Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.115
(West 1992). Pursuant to a plea bargain, punishment was assessed at ten years, probated, and a
$750 fine. Appellant properly preserved for review the overruling of his motion to suppress. 
See Tex. R. App. P. 40(b)(1).

 Austin Police Officer Dennis Clark testified that he received a call from an Officer
Staha on March 11, 1992, that Staha had received information from a confidential informant that
appellant would be delivering a quantity of cocaine in a black pickup truck bearing a certain
numbered license plate to a specific place at a specific time. The informant, whose reliability was
not established, "had things set up" and a "page had been placed and a phone call had been made with Mr. McKellop [appellant] in an agreement that he would deliver a quantity of crack
cocaine to this location."

 When Clark and a fellow officer first observed appellant, he was driving away from
a video store at Rutland and North Lamar Streets, the location Staha had given them for the
delivery. Upon Clark's advising Staha that appellant was leaving the designated place for
delivery, Staha replied that "he thought he knew where it was going and told us the destination." 
Clark followed appellant until he parked his pickup at an apartment complex. Clark related that
it was at the address designated by Staha in the last communication. It was a "pretty big
apartment complex--a couple of hundred units." Clark partially blocked appellant's vehicle with
the unmarked police car. Appellant was advised that they were officers conducting a narcotics
investigation and Clark read appellant "his rights." Appellant was "patted-down," and with his
permission, a search was conducted of appellant's pickup. Neither the "pat-down" of appellant
nor the search of his vehicle revealed any narcotics. Appellant was wearing a "number of items
of clothing," and because apartment dwellers were watching, the officers drove appellant "down
the street behind a shopping center" before directing appellant to remove his layers of clothing. 
The officers found cocaine on appellant's person after he removed a "layer of warm-up pants."

 Appellant urges that the search of his person violated the Fourth Amendment to the
United States Constitution and article I, section 9 of the Texas Constitution, and that the evidence
should have been suppressed under article 38.23 of the Texas Code of Criminal Procedure.

 We must first determine whether appellant was placed under arrest, since
circumstances short of probable cause may justify temporary detention for purposes of
investigation. Meeks v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983). In the instant cause,
the partial blocking of appellant's vehicle, the "pat-down" of his person, the search of his vehicle,
and the removal of appellant to another location where he was directed to remove his clothing
dictate the conclusion that appellant was placed under arrest. See Tex. Code Crim. Proc. Ann.
art. 15.22 (West 1977); United States v. Mendenhall, 446 U.S. 544, 554 (1980); Hawkins v.
State, 758 S.W.2d 255, 259 (Tex. Crim. App. 1988).

 Probable cause for a warrantless arrest exists when at that moment the facts and
circumstances within the officer's knowledge and of which he has reasonably trustworthy
information are sufficient to warrant a prudent person in believing that the arrested person has
committed or is committing an offense. Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App.
1979). The standard for reviewing the existence of probable cause is the "totality of the
circumstances" test set forth in Illinois v. Gates, 462 U.S. 213, 238 (1983). The "totality of the
circumstances" standard applies to warrantless as well as warrant searches. Angulo v. State, 727
S.W.2d 276, 278 (Tex. Crim. App. 1987).

 The State cites the opinions in three cases to support its position that the reliability
of the information furnished by the anonymous informer was sufficiently verified to establish
probable cause: Angulo, 727 S.W.2d at 276; Whaley v. State, 686 S.W.2d 950 (Tex. Crim. App.
1985); and Mendizabal v. State, 732 S.W.2d 417 (Tex. App.--Houston [14th Dist.] 1987, no pet.).

 In Angulo, the officers received a detailed description of the defendant and his
companion and the vehicle they occupied from an anonymous informant. The informant furnished
information that the suspects would be carrying narcotics to a specific numbered apartment in an
apartment located at a designated address. In addition, officers had received information from a
reliable confidential informant that a resident of that numbered apartment had been selling
narcotics. Two officers testified relative to their surveillance of the apartment for suspected
narcotics activity, one of the officers stating that he had personally observed what appeared to be
narcotic related traffic in and out of the apartment on twenty-five occasions. The Angulo court
concluded that the informer's tip, coupled with the police corroboration and the surveillance of
the area based on previously gathered information about the apartment, provided the officers with
probable cause. Angulo, 727 S.W.2d at 280.

 In Whaley, an officer testified that the informant had given him information in the
past relating to drug trafficking that had proven to be credible and reliable. On the occasions in
question, the informant furnished the officer with detailed descriptions of the defendant, the
clothing he was wearing, the type of bag he would be carrying, the location of the apartment
complex, the apartment number, the time of defendant's departure from the apartment, and
defendant's possession of cocaine. In concluding that probable cause had been established for
defendant's arrest, the court noted that the officers were furnished information by an informant
who had given reliable information in the past and all details given by the informant were
corroborated by the officers except whether the defendant was carrying cocaine. Whaley, 686
S.W.2d at 951.

 In Mendizabal, the informant had been found to be reliable on three previous
occasions, the officers were able to verify all information furnished by the informant as to
appellant's description, the address where he would be found, and the fact that he would be
leaving the residence "real quick" in a "brown pickup truck." The only detail the officers were
unable to verify was the informant's report that the defendant would have cocaine in his
possession. The court concluded that the established reliability of the informant coupled with the
officers' verification of the informant's information was sufficient under the "totality of the
circumstances" analysis to create probable cause for a warrantless arrest. Mendizabal, 732
S.W.2d at 419.

 In Eisenhauer v. State, 678 S.W.2d 947 (Tex. Crim. App. 1984) (approved in
Eisenhauer v. State, 754 S.W.2d 159, 165 (Tex. Crim. App.), cert. denied, 488 U.S. 848
(1988)), cited by the State for use of the "totality of the circumstances" test, a reliable confidential
informant gave officers a description of defendant and told them he would be flying to Miami and
returning the same evening with cocaine. Officers were able to verify that defendant was leaving
on a flight that afternoon and observed him get off a flight from Miami that evening. When the
officers approached defendant about being a cocaine courier, defendant began to shake, sweat and
stutter. The court noted that Florida had been recognized as a well-known source of drugs. The
court concluded that under the "totality of the circumstances" test, there was a substantial basis
for the officers to conclude that there was probable cause to arrest defendant. Id. 678 S.W.2d at
955.

 In Coats v. State, 815 S.W.2d 715 (Tex. Crim. App. 1991), cited by appellant, an
informant known to officers for three weeks told Parker County Officers that the defendant was
on his way into Weatherford on a motorcycle, and they could find him with some "speed" at a
specified address. One of the officers knew the defendant from having stopped him for a traffic
violation. The officers proceeded to the address given by the informant, stopped and searched
defendant, and found methamphetamine on defendant's person and under the motorcycle seat. In
contrasting the information possessed by officers in Coats with that known by officers in
Eisenhauer, the court noted that there was no showing as to the informant's reliability, nothing
to show that Weatherford was a well known source of drugs and no evidence that defendant
appeared nervous when he was stopped. While stating that the initial stop may have been justified
based on the officers' reasonable suspicion that defendant was in possession of "speed" as the
result of the informant's tip, there was no evidence of the officers possessing any additional
information causing this suspicion to ripen into probable cause. Id. at 716-17.

 In the instant cause, the reliability of the informer was not established. We may
only infer that the informant furnished the information about appellant's ultimate destination. The
only information given the officers about this location was Staha's statement "that he thought he
knew where it [appellant's pickup] was going and told us the destination." The ultimate
destination given was a large apartment complex rather than a particular apartment. There was
no evidence that the officers had any knowledge that the apartment complex was a source of drug
activity. Nor was there any showing of appellant's prior involvement with drugs or any
observation of suspicious conduct on the day in question. While the informant's tip may have
justified an investigatory stop, we conclude there was a lack of sufficient information to establish
probable cause to arrest and search appellant.

 The judgment is reversed and the cause remanded.





 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Aboussie and Davis*]

Reversed and Remanded

Filed: August 25, 1993

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).