COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-482-CR
  
  
DONNA LYNN SHERRILL                                                        APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM COUNTY CRIMINAL COURT NO. 
2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Donna Lynn Sherrill appeals her conviction for driving while intoxicated.  
A jury found Sherrill guilty, and the trial court sentenced her to sixty days’ 
confinement in the Tarrant County jail and a fine of $750.  In one point, 
Sherrill contends that the trial court erred by overruling her ojection and 
motion for mistrial after the State allegedly improperly commented during 
closing argument on her failure to testify.  We will affirm.
II. Background 
Facts
        On 
March 10, 2001 at approximately two a.m., Officer Mark Shimmick of the Grapevine 
police department observed an automobile commit several traffic 
violations.  Officer Shimmick stopped the automobile and made contact with 
the driver who was identified as Donna Lynn Sherrill.  While he was 
speaking with Sherrill, Officer Shimmick detected the odor of alcohol on her 
breath.  He also observed that her eyes appeared bloodshot and 
watery.  Officer Shimmick then administered three field sobriety tests to 
Sherrill.  Based on his training and Sherrill’s failure of the field 
sobriety tests, Officer Shimmick believed that Sherrill was intoxicated.  
Officer Shimmick then arrested Sherrill and transported her to the Grapevine 
city police department.
III. Alleged 
Improper Jury Argument
        Sherrill 
contends that the trial court erred by overruling her objection and a motion for 
mistrial because the State improperly commented on her failure to testify during 
closing argument.  The State maintains that the complained-of arguments did 
not comment on Sherrill’s failure to testify.
        During 
closing argument at the guilt-innocence phase of the trial, the State made the 
following argument to the jury:
  
Last, further she then says I had two glasses of wine, the last one being seven 
hours earlier at Julie’s.  Not even comparable, the fact that she was at 
Wilhoite’s at 2:00 am.  You think she was at Wilhoite’s, a bar in 
Grapevine, until 2:00 am and not drinking?
 
Sherrill 
immediately objected to the argument as improperly commenting on her failure to 
testify.  The State responded that the comment was a reasonable deduction 
from the evidence.  The trial court overruled Sherrill’s objection.
        Sherrill 
asserts that the State made an additional improper comment regarding her failure 
to testify when the State made the following argument to the jury: “Lie number 
five:  She’s not willing to say about having anything at Wilhoite’s.”  
Once again, Sherrill immediately objected to the argument as improperly 
commenting on her failure to testify.  The trial court sustained 
Sherrill’s objection and instructed the jury to disregard the State’s 
argument.  Sherrill then moved for a mistrial, and the trial court 
overruled her motion.
        A. Standard of Review
        To 
determine if a prosecutor’s comment constituted an impermissible reference to 
an accused’s failure to testify, we must consider whether the language used 
was manifestly intended or was of such a character that the jury would naturally 
and necessarily consider it to be a comment on the defendant’s failure to 
testify. Tex. Code Crim. Proc. Ann. art. 38.08 
(Vernon 1979); see Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. 
App. 2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. 
denied, 528 U.S. 1026 (1999).  The offending language must be viewed 
from the jury’s standpoint, and the implication that the comment referred to 
the accused’s failure to testify must be clear.  Bustamante, 48 
S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 
1992).  A mere indirect or implied allusion to the defendant’s failure to 
testify does not violate the accused’s right to remain silent. Patrick v. 
State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), cert. denied, 
517 U.S. 1106 (1996).
        Furthermore, 
when a defendant makes a statement that is admitted into evidence, the State’s 
reference to that statement is not a comment on the defendant’s failure to 
testify.  Garcia v. State, 126 S.W.3d 921, 924 (Tex. Crim. App. 
2004).  And the State may properly comment on omissions in the 
statement.  See id.; Lopez v. State, 170 Tex. Crim. 208, 
213–14, 339 S.W.2d 906, 910–11 (1960).
        When 
the trial court sustains an objection and instructs the jury to disregard but 
denies a defendant’s motion for a mistrial, the issue is whether the trial 
court erred in denying the mistrial. Faulkner v. State, 940 S.W.2d 308, 
312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  
Its resolution depends on whether the court’s instruction to disregard cured 
the prejudicial effect, if any, of the improper argument.  Id.  
Generally, an instruction to disregard impermissible argument cures any 
prejudicial effect.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. 
Crim. App. 2000), cert. denied, 532 U.S. 944 (2001); Dinkins v. State, 
894 S.W.2d 330, 357 (Tex. Crim. App.), cert. denied, 516 U.S. 832 
(1995).  In assessing the curative effect of the court’s instruction to 
disregard, the correct inquiry is whether, in light of the record as a whole, 
the argument was extreme, manifestly improper, injected new and harmful facts 
into the case, or violated a mandatory statutory provision and was thus so 
inflammatory that the instruction to disregard was ineffective.  Wesbrook, 
29 S.W.3d at 115-16.  If the instruction cured any prejudicial effect 
caused by the improper argument, a reviewing court should find that the trial 
court did not err.  Dinkins, 894 S.W.2d at 357; Faulkner, 940 
S.W.2d at 312.
        B. Arguments Summarized Evidence
        Viewed 
in context, the complained-of arguments are ambiguous at best and do not appear 
to improperly comment on Sherrill’s failure to testify at trial.  The 
State’s arguments, especially the first complained-of argument, appear to 
reference Sherrill’s own statement made on the night of the offense in which 
she stated that she did not drink alcohol once she arrived at Wilhoite’s.  
Thus, the State’s arguments merely attempted to reference Sherrill’s 
statement to Officer Shimmick, which was in evidence, and not her failure to 
testify.  Having considered whether the language used by the State during 
closing arguments manifestly intended or was of such a character that the jury 
would naturally and necessarily consider it to be a comment on Sherrill’s 
failure to testify, we hold that the jury could reasonably have considered the 
comments to be nothing more than a summary of the evidence.  See 
Bustamante, 48 S.W.3d at 765; Grantham v. State, 659 S.W.2d 494, 495 
(Tex. App.—Fort Worth 1983, writ ref’d) (holding possibility that jury might 
construe State’s closing arguments as implied or indirect allusion to 
appellant’s failure to testify not sufficient to render comment improper).
        However, 
even assuming that the State did indirectly comment on Sherrill’s failure to 
testify by arguing, “She’s not willing to say about having anything at 
Wilhoite’s,” we hold that the trial court’s instruction to disregard this 
comment was sufficient to cure any harm resulting from the argument.  See, 
e.g. Wesbrook, 29 S.W.3d at 115 (holding trial court’s instruction to 
disregard State’s improper comment sufficient to cure error); Wilkerson v. 
State, 881 S.W.2d 321, 327 (Tex. Crim. App.) (holding instruction to 
disregard will cure error from improper comment during final argument unless the 
remark is so inflammatory that prejudicial effect cannot be overcome by such an 
instruction), cert. denied, 513 U.S. 1060 (1994).  We overrule 
Sherrill’s sole point of error.
IV. Conclusion
        Having 
overruled Sherrill’s sole point of error, we affirm the trial court’s 
judgment.
   
  
                                                          PER 
CURIAM
   
    
 
PANEL 
F:   WALKER, GARDNER, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 14, 2004


NOTES
1.  
Tex. R. App. P. 47.4.