Donna Lynn Sherrill v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-482-CR

DONNA LYNN SHERRILL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
Introduction

Appellant Donna Lynn Sherrill appeals her conviction for driving while intoxicated. A jury found Sherrill guilty, and the trial court sentenced her to sixty days’ confinement in the Tarrant County jail and a fine of $750.  In one point, Sherrill contends that the trial court erred by overruling her ojection and motion for mistrial after the State allegedly improperly commented during closing argument on her failure to testify. We will affirm.

II. 
Background Facts

On March 10, 2001 at approximately two a.m., Officer Mark Shimmick of the Grapevine police department observed an automobile commit several traffic violations.  Officer Shimmick stopped the automobile and made contact with the driver who was identified as Donna Lynn Sherrill.  While he was speaking with Sherrill, Officer Shimmick detected the odor of alcohol on her breath.  He also observed that her eyes appeared bloodshot and watery.  Officer Shimmick then administered three field sobriety tests to Sherrill.  Based on his training and Sherrill’s failure of the field sobriety tests, Officer Shimmick believed that Sherrill was intoxicated.  Officer Shimmick then arrested Sherrill and transported her to the Grapevine city police department. 

III. 
Alleged Improper Jury Argument

Sherrill contends that the trial court erred by overruling her objection and a motion for mistrial because the State improperly commented on her failure to testify during closing argument.  The State maintains that the complained-of arguments did not comment on Sherrill’s failure to testify.

During closing argument at the guilt-innocence phase of the trial, the State made the following argument to the jury:

Last, further she then says I had two glasses of wine, the last one being seven hours earlier at Julie’s. Not even comparable, the fact that she was at Wilhoite’s at 2:00 am. You think she was at Wilhoite’s, a bar in Grapevine, until 2:00 am and not drinking?

Sherrill immediately objected to the argument as improperly commenting on her failure to testify.  The State responded that the comment was a reasonable deduction from the evidence.  The trial court overruled Sherrill’s objection.

Sherrill asserts that the State made an additional improper comment regarding her failure to testify when the State made the following argument to the jury: “Lie number five: She’s not willing to say about having anything at Wilhoite’s.”  Once again, Sherrill immediately objected to the argument as improperly commenting on her failure to testify.  The trial court sustained Sherrill’s objection and instructed the jury to disregard the State’s argument.  Sherrill then moved for a mistrial, and the trial court overruled her motion.

A. Standard of Review

To determine if a prosecutor’s comment constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily consider it to be a comment on the defendant’s failure to testify.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 1979); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  The offending language must be viewed from the jury’s standpoint, and the implication that the comment referred to the accused’s failure to testify must be clear.  
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  A mere indirect or implied allusion to the defendant’s failure to testify does not violate the accused’s right to remain silent. 
 Patrick v. State,
 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).  

Furthermore, when a defendant makes a statement that is admitted into evidence, the State’s reference to that statement is not a comment on the defendant’s failure to testify.  
Garcia v. State
, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).  And the State may properly comment on omissions in the statement.  
See id.;
 
Lopez v. State
, 170 Tex. Crim. 208, 213–14
,
 339 S.W.2d 906, 910–11 (1960). 

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Its resolution depends on whether the court’s instruction to disregard cured the prejudicial effect, if any, of the improper argument.  
Id.  
Generally, an instruction to disregard impermissible argument cures any prejudicial effect. 
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 944 (2001); 
Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995). 
 
In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective.  
Wesbrook,
 29 S.W.3d at 115-16.  If the instruction cured any prejudicial effect caused by the improper argument, a reviewing court should find that the trial court did not err.  
Dinkins
, 894 S.W.2d at 357; 
Faulkner
, 940 S.W.2d at 312.  

B. Arguments Summarized Evidence

Viewed in context, the complained-of arguments are ambiguous at best and do not appear to improperly comment on Sherrill’s failure to testify at trial. The State’s arguments, especially the first complained-of argument, appear to reference Sherrill’s own statement made on the night of the offense in which she stated that she did not drink alcohol once she arrived at Wilhoite’s.  Thus, the State’s arguments merely attempted to reference Sherrill’s statement to Officer Shimmick, which was in evidence, and not her failure to testify. Having considered whether the language used by the State during closing arguments manifestly intended or was of such a character that the jury would naturally and necessarily consider it to be a comment on Sherrill’s failure to testify, we hold that the jury could reasonably have considered the comments to be nothing more than a summary of the evidence.
 
See Bustamante, 
48 S.W.3d at 765; 
Grantham v. State,
 659 S.W.2d 494
, 
495 (Tex. App.—Fort Worth 1983, writ ref’d) (holding possibility that jury might construe State’s closing arguments as implied or indirect allusion to appellant’s failure to testify not sufficient to render comment improper).

However, even assuming that the State did indirectly comment on Sherrill’s failure to testify by arguing, “She’s not willing to say about having anything at Wilhoite’s,” we hold that the trial court’s instruction to disregard this comment was sufficient to cure any harm resulting from the argument.
  See, e.g. Wesbrook
, 29 S.W.3d at 115 (holding trial court’s instruction to disregard  State’s improper comment sufficient to cure error); 
Wilkerson v. State
, 881 S.W.2d 321, 327 (Tex. Crim. App.) (holding instruction to disregard will cure error from improper comment during final argument unless the remark is so inflammatory that prejudicial effect cannot be overcome by such an instruction), 
cert. denied
, 513 U.S. 1060 (1994).  We overrule Sherrill’s sole point of error.

IV. 
Conclusion

Having overruled Sherrill’s sole point of error, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 14, 2004

FOOTNOTES
1:
Tex. R. App. P. 47.4.